UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARL D. WELLS,

                         Petitioner,

          -against-

SUPT. M. KING,

                         Respondent.

1:24-CV-6979 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

Petitioner Carl D. Wells, who is currently incarcerated in the Clinton Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his June 11, 2008 conviction in the New York Supreme Court, Bronx County. Petitioner has paid the filing fee to bring this *habeas corpus* action. For the reasons set forth below, the Court denies the present Section 2254 petition for lack of jurisdiction and as moot.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing Section 2254 Cases, the Court has the authority to review and deny a Section 2254 petition without ordering a responsive pleading from the State "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing Section 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983).

Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (internal quotation marks and citation omitted).

## BACKGROUND

Petitioner has previously challenged, in this court, the same Bronx County conviction that he challenges in the present Section 2254 petition, in an earlier filed Section 2254 petition that this court denied for lack of jurisdiction. *See Wells v. Hourihane*, ECF 1:09-CV-10309, 13 (S.D.N.Y. Jan. 11, 2011), *report & recommendation adopted*, ECF 1:09-CV-10309, 17 (S.D.N.Y. Mar. 24, 2011), *appeal dismissed*, No. 11-1670-pr (2d Cir. Jan. 10, 2012). The Court will recount Petitioner's relevant litigation history before addressing the present Section 2254 petition.

### A. Litigation history

On June 11, 2008, Petitioner was convicted in the New York Supreme Court, Bronx County, upon a plea of guilty, "of operating a motor vehicle while [his] ability [was] impaired by drugs, [and] driving while [his] ability [was] impaired by the combined influence of drugs or of alcohol and any drug or drugs." *People v. Wells*, 95 A.D.3d 696, 697 (1st Dep't 2012). The trial court sentenced him to six months of incarceration. *Id.* Petitioner appealed. On May 24, 2012, the New York Supreme Court, Appellate Division, First Department, affirmed Petitioner's judgment of conviction. *Id.* Petitioner then sought leave to appeal from the New York Court of Appeals; that court granted leave to appeal on October 5, 2012. *People v. Wells*, 19 N.Y.3d 1106 (2012). On November 14, 2013, the New York Court of Appeals vacated the judgment of conviction. *People v. Wells*, 21 N.Y.3d 716 (2013).

On October 14, 2009, this court received Petitioner's first Section 2254 petition challenging the abovementioned Bronx County conviction, which was signed on October 9, 2009. *Wells*, ECF 1:09-CV-10309, 13, at 4. In a report and recommendation dated January 11,

2

2011, Magistrate Judge James C. Francis IV of this court recommended that Petitioner's first Section 2254 petition be denied for lack of jurisdiction. In that report and recommendation, Magistrate Judge Francis recounted, in detail, the relevant state court litigation history with regard to the prosecution of Petitioner and his subsequent conviction in the New York Supreme Court, Bronx County – far more detail than is provided here. *Id.* at 1-4. Notably, Magistrate Judge Francis observed that Petitioner's six-month incarceration sentence expired, at the latest, on December 11, 2008, and that, as of May 13, 2009, Petitioner was in custody, at that time, in connection with then-pending charges arising from a New York County state court. *Id.* at 3.

Magistrate Judge Francis held that Petitioner was not in custody with respect to the abovementioned Bronx County conviction when he filed his first Section 2254 petition challenging that conviction. *Id.* at 6. He also held that Petitioner:

> had already completed his term of imprisonment for the conviction under attack, and his sentence did not include any period of parole or other post-release supervision[;] [t]he fact that his unperfected appeal was pending when he commenced this proceeding is immaterial[;] [i]t [was] . . . of no consequence that he was then, and continues to be, jailed in connection with other charges[;] [and] . . . he has not suggested that he suffers any collateral consequences as a result of the challenged conviction and, even if he did, that would not be enough to satisfy [Section 2254's] "in custody" requirement.

*Id.* For those reasons, Magistrate Judge Francis recommended that Petitioner's first Section 2254 petition be denied for lack of jurisdiction. *Id.*

In an order dated March 24, 2011, District Judge John G. Koeltl of this court adopted Magistrate Judge Francis's January 11, 2011 report and recommendation, and denied Petitioner's first Section 2254 petition for lack of jurisdiction. *Wells*, ECF 1:09-CV-10309, 17. Petitioner appealed. On January 10, 2012, the United States Court of Appeals for the Second Circuit dismissed Petitioner's appeal of the denial of his first Section 2254 petition. *Wells*, No. 11-1670-pr.

B. **The present petition**

The present petition, which was signed and purportedly placed into Petitioner's prison's mail system for its delivery to this court on August 30, 2024 (ECF 1, at 15), and which was received by the court on September 10, 2024, challenges the same Bronx County conviction mentioned above; a conviction for which Petitioner has not been in custody for over 15 years, and that was ultimately vacated by the New York Court of Appeals.

## DISCUSSION

This Court denies the present Section 2254 petition for the same reason that the court denied Petitioner's first Section 2254 petition: Petitioner was not in custody pursuant to the Bronx County conviction at the time that he filed the present Section 2254 petition, so the Court lacks jurisdiction to consider the present Section 2254 petition. *See Wells*, ECF 1:09-CV-10309, 13. The Court reminds Petitioner that, as Magistrate Judge Francis explained in the January 11, 2011 report and recommendation, "[a] petitioner whose sentence has expired is no longer considered in custody [for the purpose of Section 2254 *habeas corpus* jurisdiction] and therefore can no longer bring a habeas petition" challenging the conviction for which he is no longer in custody. *Id.* at 4-5 (citing *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001)).

In addition, because Petitioner's Bronx County conviction was vacated by the New York Court of Appeals on November 14, 2013 – after Petitioner's first Section 2254 petition was denied by District Judge Koeltl on March 24, 2011, and after the Second Circuit dismissed Petitioner's appeal of that denial on January 10, 2012, but more than a decade before Petitioner placed the present Section 2254 petition in his prison's mail system on August 30, 2024 – his present challenge to that conviction is now moot. *See Harnett v. Russell*, No. 22-CV-0589, 2023 WL 8258693, at *4 (E.D.N.Y. Nov. 29, 2023) ("Multiple courts within the Second Circuit have

4

found that a habeas petition was rendered moot when the judgment that the habeas petition challenged was subsequently vacated and a new judgment was entered." (citing cases)); *Ferguson v. Lilley*, No. 9:21-CV-1122, 2023 WL 7220776, at *16 (N.D.N.Y. Nov. 2, 2023); *McFarland v. Kirkpatrick*, No. 08-CV-0065, 2017 WL 3981179, at *2 (W.D.N.Y. Aug. 16, 2017), *report & recommendation adopted*, 2017 WL 3971294 (W.D.N.Y. Sept. 7, 2017); *Rodriguez v. LeFevre*, No. 7:89-CV-1921 (TPG), 1990 WL 33564 (S.D.N.Y. Mar. 23, 1990). Accordingly, the Court also denies the present Section 2254 petition as moot.

## WARNING

In light of the abovementioned litigation history, the Court finds that Petitioner was or should have been aware that the court lacked jurisdiction to consider the present Section 2254 petition when Petitioner filed this action. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Petitioner that, if he files another *habeas corpus* petition in this court in which he challenges the abovementioned Bronx County conviction or sentence, the court may issue an order directing Petitioner to show cause why the court should not bar him from filing any future *habeas corpus* petition in this court that challenges that conviction or sentence without the court's leave to file. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court denies the present Section 2254 petition for lack of *habeas corpus* jurisdiction and as moot.[1]

---

[1] The Court received a letter from Petitioner in which he seems to describe his conditions of confinement. (ECF 9.) The Court denies the present Section 2254 petition without prejudice to Petitioner's filing another separate civil action in which he raises claims arising from his conditions of confinement.

      The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:    May 28, 2025
           New York, New York

                                                          _Louis L. Stanton_
                                                                 Louis L. Stanton
                                                                      U.S.D.J.